**United States District Court**
For the Northern District of California

*E-FILED 11-03-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PEPITO C. LIM, | No. C10-03596 HRL |
| Plaintiff, | **ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE** |
| v. | |
| FIRST FEDERAL BANK OF CALIFORNIA; SEASIDE FINANCIAL CORPORATION; T.D. SERVICE COMPANY and DOES 1-250, | **REPORT AND RECOMMENDATION** |
| Defendants. | **[Re:   Docket No. 7]** |

## I.   BACKGROUND

Pro se plaintiff Pepito Lim  sues for alleged statutory and common law violations in connection with his home mortgage.  Foreclosure proceedings on his home reportedly have been completed.  Lim filed a complaint in Santa Clara County Superior Court, asserting various state law claims for relief.  He subsequently filed a Second Amended Complaint (SAC), which for the first time, asserted a claim for violation of the Truth In Lending Act (TILA), 15 U.S.C. § 1601, *et seq*.  (*See* Notice of Removal, Ex. 31).  On that basis, defendants removed the matter here, asserting federal question jurisdiction.

Defendant First Federal Bank of California (First Federal) was the alleged lender.  (SAC ¶ 2).  OneWest Bank, FSB appears here as the Purchaser of Certain Assets of First Federal from

**United States District Court**

For the Northern District of California

1 the Federal Deposit Insurance Corporation, acting as receiver.  Defendant Seaside Financial

2 Corporation is the alleged trustee.  (*Id*. ¶ 3).  Defendant T.D. Service Company is the alleged

3 loan servicer.  (*Id*. ¶ 4).

4       Pursuant to Fed. R. Civ. P. 12(b)(6), all defendants now move to dismiss the complaint.

5 The record reflects that the moving papers were served on Lim at the address he has provided as

6 his contact information.  Plaintiff, however, failed to file any response to the motions and did

7 not appear at the motion hearing.  Defendants have expressly consented that all proceedings in

8 this matter may be heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); FED.

9 R. CIV. P. 73.  Lim has not consented or declined to proceed before a magistrate judge; and, he

10 did not comply with this court's order setting a September 30, 2010 deadline to file either a

11 consent or declination (Docket No. 14).  Accordingly, this case shall be reassigned to a District

12 Court Judge.  Upon consideration of the moving papers,[1] as well as the arguments presented at

13 the motion hearing, this court recommends that defendants' motion to dismiss plaintiff's TILA

14 claim be granted with leave to amend.  It is further recommended that, pursuant to 28 U.S.C. §

15 1367, the court decline jurisdiction over plaintiff's non-federal claims unless and until he

16 presents a pleading stating a viable federal claim for relief.

17                                  II.   LEGAL STANDARD

18       A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

19 the legal sufficiency of the claims in the complaint.  "Dismissal can be based on the lack of a

20 cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

21 theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Documents

22 which properly are the subject of judicial notice may be considered along with the complaint

23 when deciding a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim for relief.  *See*

24 *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

25       In such a motion, all material allegations in the complaint must be taken as true and

26 construed in the light most favorable to the claimant.  *See Balistreri*, 901 F.2d at 699.  However,

27

28       [1]      Defendants' request for judicial notice should be granted pursuant to Fed. R. Evid. 201.

2

United States District Court

For the Northern District of California

1  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

2  statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Morever, "the

3  court is not required to accept legal conclusions cast in the form of factual allegations if those

4  conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

5  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

6       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

7  claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

8  must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v.*

9  *Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted).  *See*

10  *also Iqbal*, 129 S. Ct. at 1950 ("[O]nly a complaint that states a plausible claim for relief

11  survives a motion to dismiss.").  However, a complaint attacked by a Rule 12(b)(6) motion to

12  dismiss does not need detailed factual allegations and "heightened fact pleading of specifics" is

13  not required to survive a motion to dismiss. *Bell Atlantic Corp.*, 550 U.S. at 570.  Rather, the

14  complaint need only give "enough facts to state a claim to relief that is plausible on its face."

15  *Id.*

16                           III.   DISCUSSION

17  A.     TILA Claim

18         1.     Ability to Tender

19       Defendants argue that the TILA claim should be dismissed because plaintiff has not, and

20  cannot, allege an ability to tender the loan proceeds.  In the context of claims arising under

21  TILA, the Ninth Circuit has held that a district court may alter the statutory rescission

22  procedures and has "discretion to condition rescission on tender by the borrower of the property

23  he had received from the lender." *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171 (9th

24  Cir. 2003) (internal quotation marks and citation omitted).  District courts within the Ninth

25  Circuit have adopted different understandings of *Yamamoto*; one line of cases reads it to require

26  a plaintiff to plead the present ability to tender the loan proceeds in order to survive a motion to

27  dismiss, while another line holds that it does not. *See Kakogui v. Amer. Brokers Conduit*, No.

28  C09-4841 JF (HRL), 2010 WL 1265201, at *4 (N.D. Cal. Mar. 30, 2010) (collecting cases).  To

3

United States District Court

For the Northern District of California

1    the extent plaintiff seeks rescission under TILA, this court agrees that "while a borrower must

2    ultimately demonstrate ability to tender to prove a claim for TILA rescission on the merits, he

3    or she need not allege this ability at the pleading stage." *Davenport v. Litton Loan Servicing,*

4    *LP*, — F. Supp.2d —, No. C10-0679RS, 2010 WL 3218592 *11 (N.D. Cal., July 16, 2010). *See*

5    *also Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d 1174 (N.D. Cal. 2010) (same). Accordingly,

6    plaintiff's TILA claim should not be dismissed on this basis.

7              2.        Statute of Limitations—Rescission

8              Defendants nevertheless contend that plaintiff's TILA claim is time-barred. Under

9    TILA, the right of rescission expires three years after the date of consummation of the

10   transaction or upon the sale of the property, whichever occurs first. 15 U.S.C. § 1635(f).

11   "[Section] 1635(f) completely extinguishes the right of rescission at the end of the 3-year

12   period." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412, 118 S. Ct. 1408, 140 L.Ed.2d 566

13   (1998); *see also King v. California*, 784 F.2d 910, 913 (9th Cir.1986) (holding that TILA,

14   section 1635(f) is an "absolute limitation on rescission actions"). The Ninth Circuit construes

15   section 1635(f) as a "statute of repose, depriving the courts of subject matter jurisdiction when a

16   § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding*

17   *Corp.*, 309 F.3d 1161, 1165 (9th Cir. 2002).

18             The allegations of plaintiff's SAC indicate that the transaction in question was

19   consummated on March 24, 2006 (SAC ¶¶ 1, 8-9; Request for Judicial Notice (RJN), Ex. A).

20   The record presented indicates that he did not exercise his right of rescission until the instant

21   lawsuit was filed, over three years later, on November 10, 2009. (Notice of Removal, Ex. 1).

22   Accordingly, to the extent plaintiff seeks rescission under TILA, his claim is time-barred by the

23   three-year absolute statute of limitations.

24             3.        Statute of Limitations—Damages

25             Claims for damages under TILA are barred by a one-year statute of limitations, which

26   begins to run "from the date of consummation of the transaction." *See King*, 784 F.2d at 915;

27   *see also* 15 U.S.C. § 1640(e). In the instant case, plaintiff's TILA claims arose, at the latest, at

28   the closing of his mortgage transaction on March 24, 2006. As discussed above, he did not file

4

United States District Court

For the Northern District of California

1 the instant action until November 10, 2009, almost three years after the limitations period

2 expired.  Plaintiff's claim for damages under TILA therefore is untimely.

3 Nevertheless, "equitable tolling may, in the appropriate circumstances, suspend the

4 limitations period until the borrower discovers or had reasonable opportunity to discover the

5 fraud or nondisclosures that form the basis of the TILA action." *King*, 784 F.2d at 915.  A

6 motion to dismiss on statute of limitations grounds should be granted only when the assertions

7 of the complaint, read with the required liberality, would not permit the plaintiff to prove that

8 the limitations period was tolled. *See Plascencia v. Lending 1st Mortgage*, 583 F. Supp.2d

9 1090, 1097 (N.D. Cal. 2008) (citing *Durning v. First Boston Corp.*, 815 F.2d 1265, 1268 (9th

10 Cir. 1987)).  The doctrine of equitable tolling applies in situations where, despite all due

11 diligence, the party invoking the doctrine is unable to obtain vital information bearing on the

12 existence of the claim, or where he has been induced or tricked by his adversary's misconduct

13 into allowing the deadline to pass. *Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir.

14 2008).  "The doctrine is not available to avoid the consequences of one's own negligence and

15 does not apply when a late filing is due to claimant's failure to exercise due diligence in

16 preserving his legal rights." *Id.* at 1058 (citations omitted); *Valdez v. America's Wholesale*

17 *Lender*, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal., Dec. 18, 2009) (holding that

18 ignorance of the law, standing alone, was insufficient to plausibly state a basis for tolling).

19 Essentially, Lim alleges that he did not learn of the alleged violations until a third party

20 audited his loan documents.  (SAC ¶ 28).  It is unclear when this audit was conducted; and

21 ignorance of the law, standing alone, generally is not a basis for equitable tolling. *See, e.g.,*

22 *Valdez v. America's Wholesale Lender*, No. C09-02778JF, 2009 WL 5114305 *6 (N.D. Cal.,

23 Dec. 18, 2009) ("If the Court were to accept the FAC's allegations of ignorance of the law until

24 informed by counsel as sufficient for a pleading of equitable tolling, every plaintiff could assert

25 the same allegation, and TILA's statute of limitations provision would have no meaning.").

26 Nevertheless, plaintiff also alleges that (a) his native language is Tagalog; (b) he has low-level

27 English language skills; (c) defendants failed to make required disclosures as to his loan; (d) the

28 disclosures that were made were inaccurate; and (e) defendants withheld important information

5

United States District Court

For the Northern District of California

1 about his loan (e.g., that his monthly payments would increase over time) when he asked to

2 have the loan terms explained.  (SAC ¶ 55).  The court finds that the SAC sufficiently pleads a

3 basis for equitable tolling.  Accordingly, defendants' motion to dismiss plaintiff's TILA

4 damages claim on this basis should be denied.

5      4.     Failure to State a Claim

6      Nevertheless, the SAC does not sufficiently plead a claim under TILA.  The SAC

7 alleges conduct by defendant First Federal as the lender, and then indiscriminately groups all

8 defendants together with conclusory assertions.  Moreover, the complaint fails to describe the

9 conduct of each defendant that constitutes a violation of any particular provision of TILA.

10 Plaintiff has not pled this claim with sufficient particularity to give defendants adequate notice

11 of the claims against them.  It is recommended that defendants' motion to dismiss the TILA

12 claim for damages be granted with leave to amend.

13 B.     Plaintiff's State Law and Common Law Claims

14      Plaintiff's TILA claim is the only asserted basis for federal subject matter jurisdiction.

15 In view of this court's recommendation that plaintiff's TILA damages claim be dismissed with

16 leave to amend, the undersigned recommends that the court decline to exercise supplemental

17 jurisdiction over plaintiffs' non-federal claims unless and until a viable federal claim is

18 adequately pled.  *See* 28 U.S.C. § 1367.  Accordingly, these claims should also be dismissed,

19 without prejudice to plaintiff to include them in an amended complaint that adequately states a

20 viable federal claim for relief.

21                          RECOMMENDATION

22      Based on the foregoing, IT IS ORDERED THAT this case be reassigned to a District

23 Court Judge with the following RECOMMENDATION:

24      1.     Plaintiff's TILA claim for rescission be dismissed without leave to amend.

25      2.     Plaintiff's TILA claim for damages be dismissed with leave to amend.

26      3.     Plaintiffs' state law and common law claims be dismissed without prejudice.

27      Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file

28

**United States District Court**
For the Northern District of California

1    objections to this Report and Recommendation within fourteen days after being served.

2    Dated:      November 3, 2010

3

4    _____

5    HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1    5:10-cv-03596-HRL Notice has been electronically mailed to:

2    Andrew Edward Miller     amiller@allenmatkins.com

3    Cathy Ann Hongola     chongola@allenmatkins.com, jhidde@allenmatkins.com

4    Counsel are responsible for distributing copies of this document to co-counsel who have not
     registered for e-filing under the court's CM/ECF program.

5

6    5:10-cv-3596-HRL Notice mailed to:

7    Pepito C Lim
     1955 Hogan Drive
8    Santa Clara, CA 95054

9            Pro Se Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

8